Ashley Keller *(pro hac vice)*
  ack@kellerlenkner.com
Travis Lenkner *(pro hac vice)*
  tdl@kellerlenkner.com
Marquel Reddish *(pro hac vice)*
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND MCKAY, <br><br> *Plaintiff,* <br><br> vs. <br><br> DOORDASH, INC., <br><br> *Defendant.* | Case No. 3:19-cv-04289-MMC <br><br> **DECLARATION OF RAYMOND MCKAY** <br><br> **Date:** September 13, 2019 <br> **Time:** 9:00 a.m. |

I, Raymond Mckay, declare as follows:

1. I am over the age of 18.

2. I live and work in Modesto, California.

3. I am the plaintiff in the above-captioned case.

4. I started working as a courier for DoorDash on or around June 28, 2019.

5. I still work as a courier for DoorDash.

6. When I signed up to be a courier, I had to sign a contract that DoorDash provided me. That contract stated that I would be acting as an independent contractor, not a DoorDash employee.

7. I was required to sign that contract to work for DoorDash.

8. On July 1, 2019, I responded to an advertisement about potential misclassification claims against DoorDash and signed an engagement agreement authorizing Keller Lenkner LLC to bring misclassification and related claims on my behalf against DoorDash.

9. On July 11, 2019, I signed, and my attorneys mailed to DoorDash, a letter opting out of the arbitration requirement in DoorDash's driver agreement.

10. I typically work an average of thirteen hours per week for DoorDash.

11. I have never formed a corporation, LLC, or other business entity of any kind in relation to courier services.

12. I have never obtained any license, certification, or permit related to working as a courier (other than my driver's license).

13. I have never independently placed an advertisement to obtain work as a courier.

14. When I work as a DoorDash courier, DoorDash sends me delivery requests through the DoorDash Dasher App. After receiving an order on the App, I pick up the order from the merchant and deliver it to the DoorDash customer on behalf of DoorDash.

15. Customers do not pay me directly for their orders and the delivery service. Instead, they pay through the DoorDash App.

16. DoorDash pays me for each delivery I complete on its behalf.

17. DoorDash provided me with a debit card. I am occasionally asked to use this debit card to purchase customer orders from restaurants. I do not use this debit card for any other purpose. This debit card is not connected to any of my financial accounts. All funds associated with this debit card are provided by DoorDash.

18. DoorDash does not guarantee me a minimum hourly wage.

19. DoorDash provided me with a hot bag to use while making deliveries. This hot bag displays the DoorDash name and logo.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States.

Signed on 7/22/2019 in Modesto, California.



Raymond Mckay

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served by courier on DoorDash, Inc. at its registered agent for service of process, Registered Agent Solutions, Inc., 1220 S Street, Suite 150, Sacramento, CA 95811.

Dated: August 7, 2019                    /s/ Ashley Keller

DECLARATION OF RAYMOND MCKAY
CASE NO. 3:19-cv-04289-MMC